UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>            Plaintiff,<br><br>v.<br><br>ANN R. SCHILDKNECHT; CITY OF NEW BRUNSWICK AND ITS AGENTS; MONTCLAIR AND ITS AGENTS; JAMES ROYAL SCHILDKNECHT; ELLEN HEINE; TOWNSHIP OF NORTH BRUNSWICK AND ITS AGENTS,<br><br>            Defendants. | Civil Action No.<br><br>2:20-CV-00677-ES-SCM<br><br>**ON PLAINTIFF'S MOTION TO REMAND**<br><br>[D.E. 6] |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo"), motion to remand this case back to state court.[1] Defendant Ellen Heine ("Ms. Heine") opposes the motion.[2] The Honorable Esther Salas, U.S.D.J., referred the instant matter to the undersigned for report and recommendation. After considering the parties' submissions, the Court decides this matter without oral argument. For the reasons set forth herein, it is respectfully recommended that Wells Fargo's motion to remand be **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 6. The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.)

[2] (D.E. 12, Def.'s Opp'n).

I.  **BACKGROUND AND PROCEDURAL HISTORY**[3]

Wells Fargo initiated a foreclosure action in New Jersey Superior Court, Essex County concerning property at 120 Undercliff Road in Montclair, New Jersey against Defendant Ann R. Schildknecht ("Ms. Schildknecht"). Several additional Defendants were named because of interests they may each have in the property, among them, Defendant Ellen Heine. Wells Fargo describes Ms. Heine as a junior lienholder.[4] Ms. Heine claims her interest exceeds the $75,000 threshold.[5]

On January 21, 2020, after Wells Fargo filed its complaint, but before it could formally serve all Defendants, Ms. Heine filed her notice of removal *pro se*.[6] Wells Fargo moved for remand, arguing the forum defendant rule, rule of unanimity, and the absence of diversity or federal question jurisdiction.[7]

II.  **LEGAL STANDARD**

A case removed from state court "shall be remanded … [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[8] When ruling on whether an action should be remanded, a district court must focus on the operative complaint at

---

[3] The Court relies upon the allegations set forth within the pleadings and motion record for the purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 6-1 at 5, Br.).

[5] (D.E. 1 at 1, Notice).

[6] (D.E. 1, Notice); (D.E. 6-1 at 7, Br.).

[7] (D.E. 6-1 at 7, Br.).

[8] 28 U.S.C. § 1447(c)

the time the petition for removal was filed.[9] "The removing party … carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court."[10] Removal statutes should be "strictly construed against removal and all doubts should be resolved in favor of remand."[11]

The federal removal statute provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[12] A notice of removal must be filed with the federal district court within thirty days after receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[13] In addition, "all defendants who have been properly joined and served must join in or consent to the removal of the action."[14]

---

[9] *Group Hospitalization & Med. Servs. V. Merck-Medco Managed Care, LLP.,* 295 F. Supp. 2d 457, 461-62 (D.N.J. 2003).

[10] *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (internal citations removed).

[11] *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d. Cir. 1990).

[12] 28 U.S.C. § 1441(a).

[13] 28 U.S.C. § 1446(b).

[14] 28 U.S.C. § 1446(b)(2)(A).

### III. DISCUSSION & ANALYSIS

Wells Fargo argues that remand is required because of the forum defendant rule, rule of unanimity, and the absence of diversity or federal question jurisdiction.[15] We will analyze each argument.

#### A. Diversity Jurisdiction

Federal district courts have original diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.[16] Ms. Heine alleges an interest in the property valued in excess of the threshold and that all Defendants are diverse from Well Fargo.

A "national bank … is a citizen of the State in which its main office, as set forth in its articles of association, is located."[17] Wells Fargo asserts that its principal place of business is in Sioux Falls, South Dakota, but it has been found to be a citizen of South Dakota and California.[18] There is no argument that any of the Defendants are citizens of either South Dakota or California, and therefore this Court has diversity jurisdiction.

#### B. Diversity Jurisdiction and the "Forum Defendant Rule"

Where federal jurisdiction is premised upon diversity, the removal statute, specifically, 28 U.S.C. § 1441(b), "imposes another condition above the requirements of original diversity

---

[15] (D.E. 6-1 at 7).

[16] 28 U.S.C. § 1332(a).

[17] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S.Ct. 941, 945 (2006).

[18] *Taheny v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1093, 1096 (E.D. Cal. 2012).

4

jurisdiction," known as the "forum defendant rule."[19] The rule provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen in which such action is brought."[20] In other words, where a defendant is a citizen of the State in which the plaintiff originally filed the case—i.e., the forum state—the forum defendant rule precludes removal based on diversity.[21] In a case involving multiple defendants, the forum defendant rule prohibits removal where at least one defendant is a citizen of the forum state.[22]

The rule, however, only applies "when the [forum] defendant has been properly joined and served."[23] This limitation prevents a plaintiff from blocking removal by naming forum defendants it has no intention of serving.[24]

Wells Fargo contends that the "forum defendant rule" precludes removal because all of the Defendants are residents of the forum state, New Jersey.[25] There is no question that Ms. Heine is a citizen of New Jersey. However, it is equally clear that she removed this action before

---

[19] *Fields v. Organon USA, Inc.*, No. 07-2922(SRC), 2007 WL 4365312, at *2 (D.N.J. Dec. 12, 2007).

[20] *See* 28 U.S.C. 1441(b)(2).

[21] *Id.*

[22] *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997).

[23] *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), reh'g denied (Sept. 17, 2018).

[24] *Id.* at 152.

[25] (D.E. 6, Pl.'s Mot. to Remand at 7).

she or any other forum defendant was "properly joined and served". [26] Consequently, the forum defendant rule does not apply.

C. Rule of Unanimity

For the same reason, "the rule of unanimity" does not apply. It is well-established that the rule requires all defendants to "join in the notice of removal or give their consent within the thirty-day period for the removal to be proper."[27] But, the rule does not apply where: "(1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined."[28] It also does not apply to a defendant that has not been served at the time the removing defendants filed their petition.[29] That is because of the requirement that "all defendants who have been properly joined and served must join in or consent to the removal of the action."[30]

Wells Fargo argues that none of the other Defendants consented to the removal and therefore the "rule of unanimity" precludes removal.[31] Ms. Heine counters that she and both Schildknecht Defendants consented to removal.[32] Despite the absence of evidence within the

---

[26] (D.E. 1), (D.E. 6-1 at 7).

[27] *New York Reg'l Rail Corp. v. Bridges*, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006).

[28] *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). There are three exceptions to the rule of unanimity, but none of which are argued here. See *id.* at 213 n.4.

[29] *Id.* at 213 n.4 (citations omitted).

[30] 28 U.S.C. § 1446(b)(2)(A).

[31] *Id.* at 7.

[32] *Id.*

6

motion record for Ms. Heine's that assertion, none of the Defendants were served prior to the removal, and thus, the rule of unanimity does not apply here.

D. Federal Question Jurisdiction and the "Well-Pleaded Complaint Rule"

To determine whether a "claim is one 'arising under' federal law," the complaint must affirmatively allege a federal claim as provided by the "well-pleaded complaint rule."[33] Under the rule, the plaintiff is "the master of the claim" and "he or she may avoid federal question jurisdiction by exclusive[ly] rel[ying] on state law."[34] Accordingly, a case is not removable by a defendant on the basis of a federal defense.[35] This is true "even if the plaintiff's complaint anticipates such defense," and "even if both parties concede that the federal defense is the only question truly at issue."[36]

Here, this matter is a state law foreclosure action. In addition to filing her notice of removal on January 21, 2020, Ms. Heine also filed a counterclaim[37] against Wells Fargo under the Fair Debt Collection Practices Act ("FDCPA").[38] However, as Wells Fargo argues, Ms. Heine's

---

[33] *Constantino,* 2014 WL 2587526, at *2 (citing *Beneficial Nat'l Bank v. Anderson,* 538 U.S. 1, 6 (2003)); *see also Green Tree Servicing LLC v. Dillard,* No. CIV.A. 14–8058 JBS, 2015 WL 849044, at *2 (D.N.J. Feb. 27, 2015).

[34] *Constantino,* 2014 WL 2587526, at *2 (citing *Caterpillar Inc.,* 482 U.S. 386 at 392).

[35] *Id.*

[36] *Bank of New York Mellon Trust Co., Nat. Ass'n v. Poczobut,* No. CIV.A. 13–3303 SRC, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013) (quoting *Caterpillar, Inc.,* 482 U.S. at 393). *See also Green Tree Servicing LLC,* 2015 WL 849044, at *2.

[37] (D.E. 1, Def.'s Notice of Removal).

[38] (D.E. 12, Def.'s Opp'n at 3).

7

FDCPA counterclaim fails to comply with the "well-pleaded complaint" rule.[39] Her counterclaim cannot invoke a federal question. To "allow[ ] a counterclaim to establish 'arising under' jurisdiction would . . . contravene the longstanding policies underlying our precedents" and allow defendants to defeat plaintiff's choice of forum "simply by raising a federal counterclaim."[40]

Well Fargo's Complaint does not allege any federal claims. In accordance with the well-pleaded complaint rule, this Court does not have federal question jurisdiction.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Wells Fargo's motion to remand be **DENIED**. Although there is no federal question jurisdiction, the Court does have diversity jurisdiction and Well Fargo has not identified any defect in the removal that requires remand. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[41] The District Court need not consider frivolous, conclusive, or general

---

[39] (D.E. 6, Pl.'s Mot. to Remand at 8).

[40] *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

[41] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

objections.[42]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/29/2020 3:07:23 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

---

[42] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).

9