*CLOSED*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A., : | |
| : | Civil Action No. 20-677 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| ANN R. SCHILDKNECHT et al., : | |
| : | |
| Defendants. : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), to remand for lack of subject matter jurisdiction and procedural defects in removal, and on the subsequent Report & Recommendation, and objections thereto. Defendant Ellen Heine ("Heine") has opposed the motion. Heine filed a Notice of Removal and Complaint in this Court on or about January 21, 2020. The Notice of Removal asserts that this Court has federal subject matter jurisdiction over this action on two grounds: 1) Heine's interest in the subject property is part of a bankruptcy estate and is subject to a bankruptcy proceeding in federal Bankruptcy Court; and 2) by virtue of a counterclaim arising under federal law, pursuant to 28 U.S.C. § 1331. Plaintiff now moves to remand the case on the grounds of lack of subject matter jurisdiction and procedural defects in removal.

This case arises from a dispute over foreclosure of a mortgage loan to a now-deceased Defendant, Ann R. Schildknecht, which was filed in the Superior Court of New Jersey in

1

December of 2019.  After Heine filed the Notice of Removal, Wells Fargo filed the instant motion to remand.  The Court referred the motion to the Magistrate Judge for a Report & Recommendation.  On June 29, 2020, the Magistrate Judge filed the Report & Recommendation, which recommended that the motion to remand be denied.  Wells Fargo filed an objection to the Report & Recommendation, and Heine filed a reply.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"  EEOC v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1) and citing Fed. R. Civ. P. 72(b)(3)).  The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2).  For the reasons that follow, the Court concludes that the Magistrate Judge erred in the Report & Recommendation, and the motion to remand will be granted.

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand.  A.S. v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014).  "If there is any doubt as to the propriety of removal, that case should not be removed to federal court."  Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(d);

see also Federal Rule of Civil Procedure 12(h)(3).  The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

      Wells Fargo argues for remand both on the ground that this Court lacks subject matter jurisdiction to hear this case and that the removal was improper under federal law.  First, Wells Fargo contends that this Court cannot properly have diversity jurisdiction, pursuant to 28 U.S.C. § 1441(b)(2), which states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  This provision is known as the "forum defendant rule."  There is no dispute that Heine is a citizen of the state of New Jersey, in which the action was brought.  Nonetheless, the forum defendant rule cannot apply to her, because the documentation provided by Wells Fargo shows that Heine was not properly served until *after* removal.  See Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2018) (the forum defendant rule "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.")  Nonetheless, other New Jersey defendants *were* served prior to removal: Wells Fargo offers certificates of service which demonstrate that at least four New Jersey municipality defendants were served in December, 2019.  (Ex. A, Docket Entry No. 21.)  Under the forum defendant rule, this case may not be removed to federal court.  This is the first basis for granting the motion to remand.

Next, Wells Fargo contends that this Court cannot properly have diversity jurisdiction, pursuant to 28 U.S.C. § 1446(b)(2)(a), which states: "When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action." Wells Fargo asserts that there are other defendants who had been served but who did not consent to removal. As already noted, Wells Fargo has offered certificates of service which demonstrate that at least four New Jersey municipality Defendants were served prior to removal. There is no evidence of record that these Defendants either joined in the removal or consented to it. The failure to satisfy the requirements of 28 U.S.C. § 1446(b)(2)(a) constitutes a procedural defect in removal, rather than depriving this Court of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), such a procedural defect in removal is a ground to grant a motion to remand.

Next, Wells Fargo contends that this Court does not have federal question jurisdiction. In the Notice of Removal, Heine asserted that this Court has jurisdiction because her counterclaim raises a question of federal law. Wells Fargo is correct. The Supreme Court has held:

> Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, . . . to have the cause heard in state court." The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. . . For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint-or-counterclaim rule" urged by respondent.

Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 832 (2002) (citation omitted). Heine's counterclaim does not give rise to federal question jurisdiction.

4

The Notice of Removal also asserted Heine's personal federal bankruptcy case as a basis for this Court's jurisdiction. This case, however, is not a bankruptcy case, and the fact that Heine has a personal federal bankruptcy case does not give this Court jurisdiction over any case against her. While Heine's personal bankruptcy case could conceivably require a stay of certain claims against her, that does not speak to the question of this Court's original jurisdiction. Heine has not provided any explanation of the legal basis for her contention that her personal bankruptcy provides a valid basis for federal question jurisdiction, and she bears the burden of proof of subject matter jurisdiction. Heine has not satisfied that burden.

Moreover, Heine has not persuaded this Court that the jurisdictional minimum, the amount in controversy requirement, has been met. Although Wells Fargo did not raise this issue in the opening brief for its motion to remand, it did so in its objection to the Report & Recommendation. Under Third Circuit law, once a challenge to the amount in controversy has been raised, the party alleging jurisdiction bears the burden of proof of the amount in controversy by a preponderance of the evidence. Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 506-07 (3d Cir. 2014). Heine has not satisfied that burden. The Complaint alleges that the original mortgage loan was in the amount of $25,000. Heine has offered neither argument nor evidence to justify that the amount in controversy reaches the jurisdictional threshold of $75,000. This Court concludes that Heine has not met her burden of proof that the amount in controversy meets the threshold and thus has not met her burden of proof that this Court has diversity jurisdiction over this case.

This Court thus concludes that removal was not proper, rejects the Report & Recommendation of the Magistrate Judge for the reasons stated, and finds that Heine has not met her burden of proof that this Court has subject matter jurisdiction over this case. The removal of this case was procedurally defective. Because of the procedural defects in removal of this case, as well as the fact that Heine has not met her burden of proof that this Court has original jurisdiction over this case, this case shall be remanded to the Superior Court of New Jersey, pursuant to 28 U.S.C. § 1447(c).

For these reasons,

**IT IS** on this 30th day of July, 2020

**ORDERED** that the Report & Recommendation (Docket Entry No. 20) of the Magistrate Judge is **REJECTED**; and it is further

**ORDERED** that Plaintiff's motion to remand (Docket Entry No. 6) is **GRANTED**; and it is further

**ORDERED** that this case is **REMANDED** to the Superior Court of New Jersey.

   s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.